# EXHIBIT A

**From:** sop <sop@cscinfo.com>
**Sent:** Tuesday, February 2, 2021 1:41 PM
**To:** Shiffman, Jonathan (US)
**Subject:** Notice of Service of Process - Transmittal Number: 22695572

WARNING: This email originated from outside of Ralph Lauren. **DO NOT CLICK** on links or attachments unless you know the content to be safe.



**NOTICE OF SERVICE OF PROCESS**

## Transmittal Number: **22695572**
(Click the Transmittal Number to view your SOP)

Pursuant to client instructions, we are forwarding this summary and Notice of Service of Process.

| | |
|---|---|
| **Entity:** | Ralph Lauren Corporation |
| **Entity I.D. Number:** | 1709340 |
| **Entity Served:** | Ralph Lauren Corporation |
| **Title of Action:** | Genesis Martinez, on behalf of herself and All Others Similarly Situated vs. Ralph Lauren Corporation |
| **Document(s) type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Kane County Circuit Court, Illinois |
| **Case/Reference No:** | 21-L-000005 |
| **Jurisdiction Served:** | Illinois |
| **Date Served on CSC:** | 02/01/2021 |
| **Answer or Appearance Due:** | 30 Days |

1

| | |
|---|---|
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |

**Sender Information:**
Carl V. Malmstrom
312-984-0000

**Primary Contact:**
Jonathan  Shiffman
Ralph Lauren Corporation

**Electronic copy provided to:**
Diane McGourty
Alyssa Catalano

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the document(s) and taking appropriate action.

# IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
## KANE COUNTY, ILLINOIS

*Click Here for Instructions*      Case No. **21-L-5**

| | |
|---|---|
| **Genesis Martinez** | **Ralph Lauren Corporation** |
| Plaintiff(s) | Defendant(s) |

*Thereza Barreiro*
Clerk of the Circuit Court
Kane County, Illinois

1/19/2021

**FILED/IMAGED**

File Stamp

SERVE:

Name: **Regsitered Agent: Illinois Corporation Service Co.**

Address: **801 Adlai Stevenson Dr.**

City, State & Zip: **Springfield, IL 62703**

Amount Claimed _____

Pltf. Atty **Carl V. Malmstrom**         Add. Pltf. Atty _____
Atty. Registration No. **6295219**         Atty. Registration No. _____
Address **111 W. Jackson Blvd., Suite 1700**    Address _____
City, State and Zip **Chicago, IL 60604**     City, State and Zip _____
Attorney E-mail: **malmstrom@whafh.com**    Attorney E-mail: _____

## SUMMONS

To the above named defendant(s):

☐   A.   You are hereby summoned and required to appear before this court in room _____ of the _____ at _____ m. on _____ to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

☒   B.   You are hereby summoned and required to file an answer in this case or otherwise file your appearance, in the Office of the Clerk of this Court, within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment or decree by default may be taken against you for the relief prayed in the complaint.

☐   C.   You are further Notified that a dissolution action stay is in full force and effect upon service of this summons. The Conditions of stay are set forth on page two (2) of this summons, and are applicable to the parties as set forth in the statute.

     D.   E-filing is now mandatory for documents in civil cases with limited exemptions. To efile, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp or talk with your local circuit clerk's office.

TO THE SHERIFF OR OTHER PROCESS SERVER:

     This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. In the event that paragraph A of this summons is applicable, this summons may not be served less than three days before the day for appearance. If service cannot be made, this summons shall be returned so endorsed.

     This summons may not be served later than 30 days after its date if paragraph B is applicable.

DATE OF SERVICE _____           1/19/2021
(To be inserted by process server on copy left with the defendant or other person)

WITNESS, *Thereza Barreiro*    (Date)

Clerk of Court

**IN-PERSON COURT APPEARANCES MAY NOT BE NECESSARY.**
Please go to https://www.illinois16thjudicialcircuit.org ,
click on Attend a Remote hearing link, then click Join Hearing on the line of courtroom
to determine if your appearance in court is necessary at this time.

Form 166-A (08/18)    Page 1 of 2

Case No. _____

**SUMMONS (CONT.)**

I certify that I served this summons on defendants as follows:

(a) - (Individual defendants - personal)

By leaving a copy and a copy of the complaint with each individual defendant personally, as follows:

| Name of Defendant | Place of Service | Date of service |
|---|---|---|
| | | |
| | | |
| | | |

(b) - (Individual defendants - abode):

By leaving a copy and a copy of the complaint at the usual place of abode of each individual defendant with a person of his/her family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his/her usual place of abode, as follows:

| Name of Defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

(c) - (Corporation defendants):

By leaving a copy and a copy of the complaint with the registered agent officer, or agent of each defendant corporation, as follows:

| Defendant corporation | Registered agent officer or agent | Date of service |
|---|---|---|
| | | |
| | | |
| | | |

(d) - (Other service):

_____
Signature

SERVICE FEES

Service and return _____ $ _____

Miles _____ .......................... _____

Total ........................................ $ _____

☐ Sheriff of _____ County

☐ Special Process Server

Sheriff of _____ County

☐ By _____ , Deputy

☐ Special Process Server
(See Order of Appointment in file)

**NOTICE TO DEFENDANTS - Pursuant to Supreme Court Rule**

In a civil action for money (excess of $15,000) in which the summons requires your appearance on a specified day, you may enter your appearance as follows:

1. You may enter your appearance prior to the time specified in the summons by filing a written appearance, answer or motion in person or by attorney to the Office of the Kane County Circuit Clerk, 540 S. Randall Rd., St. Charles, IL 60174.

2. You may enter your appearance at the time and place specified in the summons by making your presence known to the Judge when your case is called.

In either event YOU MUST APPEAR IN PERSON OR BY ATTORNEY at the time and place specified in the summons or a default Judgment will be entered against you.

When you appear in Court, the Judge will require you to enter your appearance in writing, if you have not already done so. Your written appearance, answer, or motion shall state with particularity the address where service of notice or papers may be made upon you or an attorney representing you.

Your case will be heard on the date set forth in the summons unless otherwise ordered by the Court. Only the Court can make this exception. Do not call upon the Circuit Court Clerk or the Sheriff's Office if you feel you will be unable to be present at the time and place specified. Continuances can be granted only on the day set forth in the summons, and then only for good cause shown. You, or someone representing you, MUST APPEAR IN PERSON at the specified time and place and make such a request.

If you owe and desire to pay the claim of the plaintiff before the return date on the summons, notify the plaintiff or his/her attorney if you desire to do so. Request that he/she appear at the time specified and ask for the dismissal of the suit against you. Do not make such a request of the Circuit Court Clerk or the Sheriff, as only the Judge can dismiss a case, and then only with a proper court order which must be entered in open Court.

---

### CONDITIONS OF DISSOLUTION ACTION STAY

#### 750 ILCS 5/501.1
#### Chapter 40, paragraph 501.1, Illinois Revised Statutes

(a) Upon service of a summons and petition or praecipe filed under the Illinois Marriage and Dissolution of Marriage Act or upon the filing of the respondent's appearance in the proceeding, whichever first occurs, a dissolution action stay shall be in effect against both parties and their agents and employees, without bond or further notice, until a final judgment is entered, the proceeding is dismissed, or until further order of the court:

(1) restraining both parties from physically abusing, harassing, intimidating, striking, or interfering with the personal liberty of the other party or the minor children of either party; and

(2) restraining both parties from concealing a minor child of either party from the child's other parent. The restraint provided in this subsection (e) does not operate to make unavailable any of the remedies provided in the Illinois Domestic Violence Act of 1986.

Kane County Circuit Court    THERESA E. BARREIRO    ACCEPTED: 1/6/2021 11:12 AM    By: SP    Env #11717546

## IN THE CIRCUIT COURT OF KANE COUNTY, ILLINOIS
### SIXTEENTH JUDICIAL CIRCUIT
21-L-000005

GENESIS MARTINEZ, on behalf of herself
and all others similarly situated,

      Plaintiff,

v.

RALPH LAUREN CORPORATION,

      Defendant.

Case No.: _____

> Clerk of the Circuit Court
> Kane County, Illinois
> **1/5/2021 4:44 PM**
> FILED/IMAGED

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff Genesis Martinez, individually and on behalf of all others similarly situated, brings this Class Action Complaint for violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.*, against Ralph Lauren Corporation ("Defendant"), and alleges as follows based on personal knowledge as to herself, on the investigation of her counsel and the advice and consultation of certain third-party agents as to technical matters, and demands trial by jury:

### NATURE OF ACTION

1.    Plaintiff brings this action for damages and other legal and equitable remedies resulting from the illegal actions of Defendant in collecting, storing and using Plaintiff's and other similarly situated individuals' biometric identifiers[1] and biometric information[2] (referred to collectively at times as "biometrics") without obtaining the requisite prior informed written consent or providing the requisite data retention and destruction policies, in direct violation of BIPA.

2.    The Illinois Legislature has found that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information."  740 ILCS 14/5(c).

---

[1]    A "biometric identifier" is a personal feature unique to an individual, such as a fingerprint, handprint, iris scan, scan of face geometry, among others.

[2]    "Biometric information" is any information captured, converted, stored or shared based on a person's biometric identifier used to identify an individual.

**CMC DATE ON PAGE 12**

"For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." *Id.*

3.      In recognition of these concerns over the security of individuals' biometrics, the Illinois Legislature enacted BIPA, which provides, *inter alia*, that a private entity like Defendant may not obtain and/or possess an individual's biometrics unless it: (1) informs that person in writing that biometric identifiers or information will be collected or stored, *see id.*; (2) informs that person in writing of the specific purpose and length of term for which such biometric identifiers or biometric information is being collected, stored and used, *see id.*; (3) receives a written release from the person for the collection of his or her biometric identifiers or information, *see id.*; and (4) publishes publicly available written retention schedules and guidelines for permanently destroying biometric identifiers and biometric information, *see* 740 ILCS 14/15(a). Further, the entity must store, transmit and protect an individual's biometric identifiers and biometric information using the same standard of care in the industry and in a manner at least as protective as the means used to protect other confidential and sensitive information. *Id.* 14/15(e). Finally, the entity is expressly prohibited from selling, leasing, trading or otherwise profiting from the individual's biometrics. *Id.* 15/15(c).

4.      In direct violation of each of the foregoing provisions of § 15(a) and § 15(b) of BIPA, Defendant is actively collecting, storing, and using – without providing notice, obtaining informed written consent or publishing data retention policies – the fingerprint and associated personally identifying information of thousands of Illinois residents whom Defendant has employed in Illinois.    Initially collected from employees prior to or early on in their employment, employees' fingerprint are stored by Defendant in an electronic database and used to, *inter alia*, allow employees to clock in and clock out of work.    Specifically, to allow employees to clock in and clock out of work in Illinois, Defendant collects (via an electronic scanning device) the employee's fingerprint and stores the fingerprint in its fingerprint database

2

along with credentials corresponding to that employee. Then, when an employee places his or her fingerprint on one of Defendant's scanning devices to clock in and clock out of work, he or she is only granted access if the collected fingerprint matches a fingerprint stored in Defendant's database (which was collected during enrollment). Defendant forced Plaintiff and numerous other Illinois-based employees to enroll their fingerprints in its database.

5.    If Defendant's database of digitized fingerprints were to fall into the wrong hands, by data breach or otherwise, individuals to whom these sensitive biometric identifiers belong could have their identities stolen or their financial and other highly personal information breached and used for nefarious purposes. BIPA confers on Plaintiff and all other similarly situated Illinois residents a right to know of such risks, which are inherently presented by the collection and storage of biometrics, and a right to know how long such risks will persist after their employment with the company ends. Yet Defendant never adequately informed any of its employees of its biometrics collection practices, never obtained written consent from any of its employees regarding its biometric practices, and never provided any data retention or destruction policies to any of its employees.

6.    Plaintiff brings this action to prevent Defendant from further violating the rights of Illinois residents, and to recover statutory damages for Defendant's unauthorized collection, storage and use of these individuals' biometrics in violation of BIPA.

**PARTIES**

7.    Plaintiff is, and has been at all relevant times, a resident and citizen of Aurora, Illinois.

8.    Defendant is a corporation that maintains its headquarters in New York, New York. Defendant owns, operates, oversees, and controls the "Polo Ralph Lauren" brand of retail stores in Illinois, including at its facility in Aurora, Illinois.

**JURISDICTION AND VENUE**

9.    The Court has personal jurisdiction over Defendant because the fingerprints that give rise to this lawsuit were and still are (1) collected by Defendant at a facility in Kane

3

County, Illinois, (2) stored by Defendant at a facility in Kane County, Illinois, and (3) used by Defendant at facilities in Kane County, Illinois.

10.     The Chancery Division is the appropriate venue for this action because it is a class action and, additionally, because it seeks declaratory and injunctive relief.

**FACTUAL BACKGROUND**

**I.      Illinois's Biometric Information Privacy Act**

11.     In 2008, Illinois enacted BIPA due to the "very serious need [for] protections for the citizens of Illinois when it [comes to their] biometric information." Illinois House Transcript, 2008 Reg. Sess. No. 276. BIPA makes it unlawful for a company to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers biometric information, unless it first:

> (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored;
>
> (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and
>
> (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative."

740 ILCS 14/15 (b).

12.     Section 15(a) of BIPA also provides:
> A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first.

740 ILCS 14/15(a).

13.     As alleged below, Defendant's practices of collecting, storing and using individuals' biometric identifiers (specifically, fingerprints) and associated biometric information without informed written consent violate all three prongs of § 15(b) of BIPA.

4

Defendant's failure to provide a publicly available written policy regarding their schedule and guidelines for the retention and permanent destruction of individuals' biometric identifiers and biometric information also violates § 15(a) of BIPA.

**II.      Defendant Violates Illinois's Biometric Information Privacy Act**

14.      Unbeknownst to the average consumer, and in direct violation of § 15(b)(1) of BIPA, Defendant scans and collects, and then indefinitely stores in an electronic database, digital copies of its employees' fingerprints during the initial process of enrolling these individuals in its databases of fingerprints in Illinois, as well as whenever employees clock in and clock out of work at one of Defendant's Illinois-based locations where Defendant's biometrics technology is used – all without ever informing anyone of this practice in writing.

15.      In direct violation of §§ 15(b)(2) and 15(b)(3) of BIPA, Defendant never informed Illinois residents who had their fingerprints collected of the specific purpose and length of term for which their biometric identifiers or information would be collected, stored and used, nor did Defendant obtain a written release from any of these individuals.

16.      In direct violation of § 15(a) of BIPA, Defendant does not have written, publicly available policies identifying their retention schedules, or guidelines for permanently destroying any of these biometric identifiers or biometric information.

**III.      Plaintiff Genesis Martinez's Experience**

17.      From approximately May 2018 through August 2019, Plaintiff was employed by Defendant at its facility in Aurora, Illinois (the "Aurora Facility").

18.      During the course of Plaintiff's employment at the Aurora Facility, Defendant required Plaintiff to place her fingers on a fingerprint scanner, at which point Defendant scanned and collected, and stored in an electronic database, digital copies of Plaintiff's fingerprints.

19.      Plaintiff was required to use her fingerprint to clock in and clock out of work at the Aurora Facility on a daily basis during her employment. Plaintiff was required to place her finger on a fingerprint scanner, which scanned, collected and stored her fingerprint each time she attempted to clock in and clock out of work at the Aurora Facility. Defendant's

5

sophisticated fingerprint matching technology then compared Plaintiff's scanned fingerprint against the fingerprints previously stored in Defendant's fingerprint database, at which point Plaintiff was able to clock in and clock out of work at Defendant's Aurora Facility.

20.     Plaintiff never consented, agreed or gave permission – written or otherwise – to Defendant for the collection or storage of her unique biometric identifiers or biometric information.

21.     Further, Defendant never provided Plaintiff with nor did she ever sign a written release allowing Defendant to collect or store her unique biometric identifiers or biometric information.

22.     Likewise, Defendant never provided Plaintiff with the requisite statutory disclosures nor an opportunity to prohibit or prevent the collection, storage or use of her unique biometric identifiers or biometric information.

23.     By collecting Plaintiff's unique biometric identifiers or biometric information without her consent, written or otherwise, Defendant invaded Plaintiff's statutorily protected right to maintain control over her biometrics.

24.     Finally, Defendant never provided plaintiff with a retention schedule and/or guidelines for permanently destroying her biometric identifiers and biometric information.

### CLASS ALLEGATIONS

25.     **Class Definition**: Plaintiff brings this action pursuant to 735 ILCS 5/2-801 on behalf of a class of similarly situated individuals, defined as follows (the "Class"):

> All individuals who had their fingerprints collected, captured, received, or otherwise obtained, and/or stored, by Defendant in Illinois.

The following are excluded from the Class: (1) any Judge presiding over this action and members of his or her family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parent has a controlling interest (as well as current or former employees, officers and directors); (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have

6

been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

26.     **Numerosity**: Pursuant to 735 ILCS 5/2-801(1), the number of persons within the Class is substantial, believed to amount to at least hundreds and possibly thousands of persons. It is, therefore, impractical to join each member of the Class as a named Plaintiff. Further, the size and relatively modest value of the claims of the individual members of the Class renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation. Moreover, the Class is ascertainable and identifiable from Defendant's records.

27.     **Commonality and Predominance**: Pursuant to 735 ILCS 5/2-801(2), there are well-defined common questions of fact and law that exist as to all members of the Class and that predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from Class member to Class member, and which may be determined without reference to the individual circumstances of any class member include, but are not limited to, the following:

(a)  whether Defendant collected or otherwise obtained Plaintiff's and the Class's fingerprints;

(b)  whether Defendant collected or otherwise obtained Plaintiff's and the Class's biometric identifiers or biometric information;

(c)  whether Defendant properly informed Plaintiff and the Class that it collected, used, and stored their biometric identifiers or biometric information;

(d)  whether Defendant obtained a written release (as defined in 740 ILCS 1410) to collect, use, and store Plaintiff's and the Class's biometric identifiers or biometric information;

(e)  whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying

7

biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of their last interaction, whichever occurs first;

(f) whether Plaintiff's and the Class's biometric information that Defendant collected was capable of identifying them; and

(g) whether Defendant's violations of BIPA were committed intentionally, recklessly, or negligently.

28. **Adequate Representation**: Pursuant to 735 ILCS 5/2-801(3), Plaintiff has retained and is represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. Plaintiff and her counsel are committed to vigorously prosecuting this class action. Moreover, Plaintiff is able to fairly and adequately represent and protect the interests of such a Class. Neither Plaintiff nor her counsel has any interest adverse to, or in conflict with, the interests of the absent members of the Class. Plaintiff has raised viable statutory claims of the type reasonably expected to be raised by members of the Class, and will vigorously pursue those claims. If necessary, Plaintiff may seek leave of this Court to amend this Class Action Complaint to include additional Class representatives to represent the Class or additional claims as may be appropriate.

29. **Superiority**: Pursuant to 735 ILCS 5/2-801(4), a class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable. Even if every member of the Class could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and

protects the rights of each member of the Class. Plaintiff anticipates no difficulty in the management of this action as a class action. Class-wide relief is essential to compel compliance with BIPA.

**FIRST CAUSE OF ACTION**
**Violation of 740 ILCS 14/1, *et seq.***
**(On Behalf of Plaintiff and the Class)**

30.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

31.     BIPA makes it unlawful for any private entity to, among other things, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).

32.     Defendant is a corporation and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

33.     Plaintiff and the Class members are individuals who had their fingerprints, i.e., "biometric identifiers," collected and stored by Defendant. *See* 740 ILCS 14/10.

34.     Plaintiff and the Class members are individuals who had their "biometric information" collected and stored by Defendant in the form of digitally encrypted code, derived from Plaintiff's and the Class members' fingerprints, that uniquely identifies the individual to whom a particular fingerprint belongs.

35.     Defendant systematically collected, used, and stored Plaintiff's and the Class members' biometric identifiers and/or biometric information without first obtaining the written release required by 740 ILCS 14/15(b)(3).

36.     In fact, Defendant failed to properly inform Plaintiff or the Class in writing that their biometric identifiers and/or biometric information were being collected, stored, or

otherwise obtained, nor did Defendant inform Plaintiff or the Class members in writing of the specific purpose and length of term for which their biometric identifiers and/or biometric information was being collected, stored, and used, as required by 740 ILCS 14/15(b)(1)-(2).

37.     In addition, Defendant does not publicly provide a retention schedule or guidelines for permanently destroying the biometric identifiers and/or biometric information of Plaintiff or the Class members, as required by BIPA. *See* 740 ILCS 14/15(a). The failure by Defendant to provide Plaintiff and the Class members with a retention schedule or guidelines for permanently destroying Plaintiff's or the Class members' biometric identifiers or biometric information constitutes an independent violation of the statute.

38.     Each instance in which Defendant collected, stored, used, or otherwise obtained Plaintiff's and/or the Class's biometric identifiers and biometric information as described herein constitutes a separate violation of the statute and of the right of Plaintiff and each Class member to maintain control over these biometric identifiers and biometric information, as set forth in BIPA, 740 ILCS 14/1, *et seq.*

39.     On behalf of herself and the proposed Class members, Plaintiff seeks: (1) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA's requirements, including BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information as described herein, and for the provision of the requisite written disclosure to consumers; (2) statutory damages of $1,000.00 for each and every violation pursuant to 740 ILCS 14/20(1) (or, alternatively, of $5,000.00 for each and every violation of BIPA to the extent committed intentionally or recklessly pursuant to 740 ILCS 14/20(2)); and (3) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Genesis Martinez, on behalf of herself and the proposed Class, respectfully requests that this Court enter an Order:

A. Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff as representative of the Class, and appointing her counsel as Class Counsel;

B. Declaring that Defendant's actions, as set out above, violate BIPA, 740 ILCS 14/1, *et seq.*;

C. Awarding statutory damages of $1,000.00 for each and every violation pursuant to 740 ILCS 14/20(1) (or, alternatively, of $5,000.00 for each and every violation of BIPA to the extent committed intentionally or recklessly pursuant to 740 ILCS 14/20(2));

D. Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class, including, *inter alia*, an order requiring Defendant to collect, store, and use biometric identifiers or biometric information in compliance with BIPA;

E. Awarding Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

F. Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

G. Awarding such other and further relief as equity and justice may require.

### JURY TRIAL

Plaintiff demands a trial by jury for all issues so triable.

Dated: January 5, 2021          Respectfully submitted,

*/s/ Carl V. Malmstrom*

**WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLC**
ARDC No. 6295219
Carl V. Malmstrom
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604
Tel: (312) 391-5059
Fax: (212) 686-0114
malmstrom@whafh.com

***Local Counsel for Plaintiff and the Putative Class***

**HEDIN HALL LLP**
Frank S. Hedin*
David W. Hall*

11

1395 Brickell Avenue, Ste 1140
Miami, Florida 33131
Tel: (305) 357-2107
Fax: (305) 200-8801
E-mail: fhedin@hedinhall.com
       dhall@hedinhall.com

*Pro Hac Vice Application Forthcoming*

**Counsel for Plaintiff and the Putative Class**


**NOTICE**
**BY ORDER OF THE COURT THIS CASE IS HEREBY SET FOR**
**CASE MANAGEMENT CONFERENCE ON THE DATE BELOW.**
**FAILURE TO APPEAR MAY RESULT IN THE CASE BEING**
**DISMISSED OR AN ORDER OF DEFAULT BEING ENTERED.**
**Judge: Pheanis, Mark A**
**3/23/2021 9:00 AM**

IN-PERSON COURT APPEARANCES MAY NOT BE NECESSARY.

Please go to https://www.illinois16thjudicialcircuit.org ,

click on Attend a Remote hearing link, then click Join Hearing on the line of courtroom

to determine if your appearance in court is necessary at this time.

Kane County Circuit Court    THERESA E. BARREIRO    ACCEPTED: 1/15/2021 3:27 PM    By: El    Env #11851801

## IN THE CIRCUIT COURT OF KANE COUNTY, ILLINOIS
### SIXTEENTH JUDICIAL CIRCUIT

| | |
|---|---|
| GENESIS MARTINEZ, on behalf of herself and all others similarly situated, | Case No.: 21-L-00005 |
| Plaintiff, | |
| v. | |
| RALPH LAUREN CORPORATION, | |
| Defendant. | |

Clerk of the Circuit Court
Kane County, Illinois

**1/15/2021 12:28 PM**

FILED/IMAGED

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION[1]

Plaintiff Genesis Martinez, individually and on behalf of all others similarly situated, by and through her undersigned attorneys, respectfully moves this Court, pursuant to 735 ILCS 5/2-801 *et seq.*, for an Order certifying this litigation as a class action on behalf of the following class (sometimes collectively referred to as the "Class"):

> All individuals who had their fingerprints collected, captured, received, or otherwise obtained, and/or stored, by Defendant in Illinois.

Plaintiff hereby reserves the right to amend the definition of the Class if discovery or further investigation reveals that the Class should be expanded or otherwise modified.

Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of her claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

In support of her motion,[2] Plaintiff states as follows:

---

[1] Plaintiff requests that the Court delay its ruling on this motion until the parties have had an opportunity to complete the discovery process and fully brief this issue. Plaintiff is filing this motion in light of the Illinois Supreme Court's opinion in *Ballard RN Ctr., Inc. v. Kohll's Pharm. & Homecare, Inc.*, 2015 IL 118644 (Ill. 2015). In *Ballard RN Ctr.*, the Illinois Supreme Court found that a motion for class certification which "identified [the] defendant, the applicable date or dates, and the general outline of plaintiff's class action allegations" was sufficient to overcome mootness efforts by Defendant to defeat the case in question. *Id.* at **19.

1.    **Introduction.** This is a class action lawsuit through which Plaintiff, individually and on behalf of the Classes described herein, seeks damages from Defendant for Defendant's alleged violations of the Illinois Biometric Privacy Act, 740 ILCS 14/1, *et seq.*, in connection with its collection, storage, and usage of its employees' fingerprints.

This case satisfies all of the elements of 735 ILCS 5/2-801 *et seq.* Illinois state law requires numerosity, commonality, adequacy, and appropriateness of representation.    As discussed below, each of these requirements is satisfied:

2.    **Numerosity** – 735 ILCS 5/2-801(1). The numerosity requirement is satisfied where "joinder of all members is impracticable." "Although there is no magic number of class members for numerosity purposes, case law indicates that when a class numbers at least 40, joinder will be considered impracticable." *Hernandez v. Gatto Indus. Platers*, 2009 U.S. Dist. LEXIS 36023 at \*6 (N.D. Ill. Apr. 28, 2009).[3] Here, as alleged in the Complaint, the exact number of class members is known only to Defendant, but in the absence of any discovery to date, that the number is believed to be at least in the hundreds and possibly thousands. Compl. ¶ 26.

---

[2] Upon presentment of this Motion for Class Certification to the Court, Plaintiff will request a briefing schedule that will include, among other things, a deadline by which to file her opening memorandum of law in support thereof after sufficient discovery has been allowed. In *Ballard RN Ctr.*, the Illinois Supreme Court stated that "when additional discovery or further development of the factual basis is necessary. . .those matters will be left to the discretion of the trial court." *Id.* at \*\*24.

[3] "Section 2-801 of the Code, which is patterned after Rule 23 of the Federal Rules of Civil Procedure, sets forth the prerequisites needed to maintain a Class action. Given the relationship between these two provisions, federal decisions interpreting Rule 23 are persuasive authority with regard to questions of class certification in Illinois." *Uesco Indus. v. Poolman of Wis.*, Inc., 2013 IL App (1st) 112566 at P45 (Ill. App. Ct. 1st Dist. 2013) (internal quotation marks and citations omitted).

3.      **Commonality** – 735 ILCS 5/2-801(2).  The commonality requirement is satisfied where "common questions [of law or fact] predominate over any questions affecting only individual members." "To satisfy this predominance requirement, a plaintiff must necessarily show that successful adjudication of the class representative's individual claim will establish a right of recovery in other class members. A favorable judgment for the class should decisively resolve the whole controversy, and all that should remain is for other class members to file proof of their claim. *Mashal v. City of Chicago*, 2012 IL 112341 at P33 (Ill. 2012) (Internal quotation marks and citations omitted).

As alleged in the Complaint, the Defendant engaged in a common course of conduct that was nearly identical for every putative member of the Class, namely employees and former employees whose fingerprints were recorded by Defendants.

In this case, the common questions of law or fact include, among others:

(a)      whether Defendant collected or otherwise obtained Plaintiff's and the Class's biometric identifiers or biometric information;

(b)      whether Defendant properly informed Plaintiff and the Class that it collected, used, and stored their biometric identifiers or biometric information;

(c)      whether Defendant obtained a written release (as defined in 740 ILCS 1410) to collect, use, and store Plaintiff's and the Class's biometric identifiers or biometric information;

(d)      whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of their last interaction, whichever occurs first;

(e)      whether Defendant used Plaintiff's and the Class's biometric identifiers or biometric information to identify them; and

(f)      whether Defendant's violations of BIPA were committed intentionally, recklessly, or negligently.

3

Compl. ¶ 27.

Based on the nature of Defendant's conduct which Defendant uniformly applied to the Plaintiff and all members of the alleged class, commonality is easily established here. "It is proper to allow a class action where a defendant is alleged to have acted wrongfully in the same basic manner towards an entire class." *P.J.'s Concrete Pumping Serv. v. Nextel W. Corp.*, 345 Ill. App. 3d 992, 1003 (Ill. App. Ct. 2d Dist. 2004) (citation omitted).

4.  **Adequacy** – 735 ILCS 5/2-801(3). The adequacy requirement is satisfied where the "representative parties will fairly and adequately protect the interest of the class."

> The purpose of the adequate representation requirement is to ensure that all class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim. The test to determine the adequacy of representation is whether the interests of those who are parties are the same as those who are not joined.

*P.J.'s Concrete Pumping Serv.* 345 Ill. App. 3d at 1004 (citations omitted).

Here, Plaintiff has no interests antagonistic to the interests of absent class members, and Plaintiff has retained counsel that is qualified, experienced, and generally able to conduct the proposed litigation. Compl. ¶ 28.

5.  **Appropriateness** – 735 ILCS 5/2-801(4). The appropriateness requirement is satisfied where the "class action is an appropriate method for the fair and efficient adjudication of the controversy." Further,

> In deciding whether the fourth requirement for class certification is met, a court considers whether a class action can best secure economies of time, effort, and expense or accomplish the other ends of equity and justice that class actions seek to obtain. Where the first three requirements for class certification have been satisfied, the fourth requirement may be considered fulfilled. Also, class actions are often the last barricade of consumer protection. Consumer class actions provide restitution to the injured and deterrence to the wrongdoer, thus attaining the ends of equity and justice.

*Walczak v. Onyx Acceptance Corp.*, 365 Ill. App. 3d 664, 679 (Ill. App. Ct. 2d Dist. 2006) (citations omitted)

Here, where there are at least hundreds and possibly thousands of potential consumer class members, each seeking small recoveries pursuant to claims that cannot be efficiently litigated separately, a class action is clearly the appropriate vehicle to litigate this action in order to secure economies of time, effort and expense for both the Court and the parties. Compl. ¶ 29.

**WHEREFORE**, Plaintiff respectfully requests that this Court, after allowing the parties an opportunity to complete the discovery process and fully brief the issues raised by this motion, enter an Order: (1) certifying this case as a class action pursuant to 735 ILCS 5/2-801 *et seq.*, (2) appointing Plaintiff as representative of the Class; and (3) appointing Plaintiff's attorneys as Class Counsel.

Dated: January 15, 2021                    Respectfully submitted,

                                           /s/  *Carl V. Malmstrom*
                                           **WOLF HALDENSTEIN ADLER
                                           FREEMAN &** HERZ LLC
                                           **ARDC No. 6295219**
                                           Carl V. Malmstrom
                                           111 W. Jackson Blvd., Suite 1700
                                           Chicago, IL 60604
                                           Tel: (312) 984-0000
                                           Fax: (212) 686-0114
                                           malmstrom@whafh.com

                                           *Local Counsel for Plaintiff and the Putative Class*

                                           **HEDIN HALL LLP**
                                           Frank S. Hedin*
                                           David W. Hall*
                                           1395 Brickell Avenue, Ste 1140
                                           Miami, Florida 33131
                                           Tel: (305) 357-2107
                                           Fax: (305) 200-8801
                                           E-mail: fhedin@hedinhall.com
                                               dhall@hedinhall.com

                                           *Pro Hac Vice Application Forthcoming*

                                           *Counsel for Plaintiff and the Putative Class*

5